UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SYLVESTER MEAD (#90604)**                                          **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                                          **NO. 08-0672-JVP-CN**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, May 21, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SYLVESTER MEAD (#90604)**                                  **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                                 **NO. 08-0672-JVP-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' cross-motions for Summary Judgment, rec.doc.nos. 106, 108 and 109.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, Secretary James M. LeBlanc, Warden Burl Cain, Dr. Jonathan Roundtree, "Dr. Williams", "Dr. Hurts" (or "Dr. Hunt"), and unidentified "dermatologists doctors" at Earl K. Long Medical Center in Baton Rouge, Louisiana, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs.  Pursuant to earlier Magistrate Judge's Reports in this case, rec.doc.nos. 55 and 96, approved by the District Judge on July 22 and December 17, 2009, respectively, rec.doc.nos. 69 and 103, the plaintiff's claims against all defendants have been dismissed with the exception of the plaintiff's claim that defendant Dr. Jonathan Roundtree, in the defendant's individual capacity, refused to allow the plaintiff to wash his clothes and bed linens in plain water or hypo-allergenic detergent.

The plaintiff moves for summary judgment, relying upon the pleadings, his own affidavit, and presumably his medical records, certified copies of which have previously been filed into the record of this proceeding.

The defendant moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Fact, and copies of the plaintiff's administrative remedy proceedings, certified copies of which have previously been filed into the record.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Addressing first the defendant's Motion for Summary Judgment, rec.doc.no. 109, the moving defendant asserts that the plaintiff has failed to exhaust administrative remedies relative to his remaining claim. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to commencement of a lawsuit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.

From a review of the plaintiff's administrative grievances, it appears that the defendant's motion is well-taken.  In his first grievance, ARP No. LSP-2007-3321, commenced on July 27, 2008, the plaintiff complained that he had not been provided with appropriate medical attention for his eyes, which were reportedly swollen and caused him pain.  In his second grievance, ARP No. LSP-2008-2271, commenced on July 27, 2008, and concluded on October 2, 2008, the plaintiff complained that he had not been provided with appropriate medical care for itching "bumps" all over his body, that he awoke every morning with blood on his sheets and pillow, that the problem was worsening and spreading to his eyes, and that unnamed physicians at LSP "do not seem to can fix this

problem." He prayed for "adequate standard care, that can fix this situation before it become life threaten[ing]." There is no mention in this grievance of the plaintiff's desire to have his clothing and bed linens washed in plain water or hypo-allergenic detergent. To the contrary, it appears from a review of the plaintiff's medical records that the first reference to this issue appears on September 22, 2008, long after commencement of the grievance, on which date a dermatologist met with the plaintiff and recommended that the plaintiff, "needs to wear clothes washed in <u>plain water</u> or [no] soap". (Emphasis in original). The next pertinent medical notation reflects that this recommendation was "denied by Dr. Roundtree" on October 17, 2008, after conclusion of the plaintiff's administrative proceedings. Accordingly, it does not appear that this claim was presented to prison officials in the plaintiff's administrative grievances.

In <u>Johnson v. Johnson</u>, 385 F.3d 503 (5th Cir. 2004), the Court reiterated that the primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'". <u>Id.</u> In other words, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." <u>Id.</u> Accordingly, to be deemed adequate, an inmate's administrative grievance must be sufficiently specific, both in specifying a complaint and, where appropriate, in identifying the person or persons responsible for the events complained of. In the plaintiff's grievances in the instant case, there is no claim asserted against defendant Roundtree of a failure to allow the plaintiff to wash his clothes and bed linens in plain water or hypo-allergenic detergent. Accordingly, the grievances provided no notice

to prison officials of the specific nature of the plaintiff's claim and no fair opportunity for them to address it. Therefore, the plaintiff's claim relative to this issue is subject to dismissal as a result of his failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

Having concluded that the plaintiff has failed to exhaust administrative remedy relative to the remaining claim asserted in this proceeding, there is no need for the Court to address the plaintiff's pending motions for summary judgment, which motions should be summarily denied.

## RECOMMENDATION

It is recommended that the plaintiff's motions for summary judgment, rec.doc.nos. 106 and 108, be denied. It is further recommended that the defendant's motion for summary judgment, rec.doc.no. 109, be granted, dismissing the plaintiff's claims asserted against Dr. Jonathan Roundtree for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed, without prejudice.

Signed in chambers in Baton Rouge, Louisiana, May 21, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**